<p style="text-align:center; color:red;">CORRECTED</p>

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1776V
(not to be published)

| | |
|---|---|
| LAURA BELL FREY,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: July 8, 2022<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates; Paralegal Tasks at Attorney Rates |

*Sean Wesley Lyons*, Sean W. Lyons, Esq., Nashville, TN, for Petitioner.

*Traci R. Patton*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On November 19, 2019, Laura Bell Frey filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration as a result of an influenza vaccine received on October 30, 2018. (Petition at 1). On February 22, 2022, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 43).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated April 28, 2022 (ECF No. 49), requesting a total award of $22,337.23 (representing $21,805.00 in fees and $532.23 in costs). In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. (ECF No. 48). Respondent reacted to the motion on May 3, 2022, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. (ECF No. 51). Petitioner did not file a reply thereafter. On May 11, 2022, Petitioner filed an amended motion for attorney's fees and costs requesting an increased award of $22,386.12 (representing $21,805.00 in fees and $581.12 in costs). Respondent did not file a response to Petitioner's amended motion.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

### A. Hourly Rates

Petitioner requests compensation for his attorney, Sean W. Lyons, at the rate of $350.00 for all time billed between 2019-22. (ECF No. 52-2 at 1). Mr. Lyons has been a licensed attorney for 19 years. (ECF No. 52-1 at 1). In light of his overall experience and taking into account the OSM guidelines applied to attorney rates, the requested rate is reasonable, and I award it herein.

### B. Paralegal Tasks at Attorney Rates

Mr. Lyons's rate must be reduced where applied to work billed for paralegal tasks. Attorneys may be compensated for paralegal-level work, but only at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

Mr. Lyons billed eight hours on tasks that are more properly characterized as paralegal tasks, including requesting medical records, and filing documents. A few non-exhaustive examples of these entries include:

- June 11, 2019 (0.20 hrs) "Compose letter to PT";
- December 17, 2019 (0.20 hrs) "Edit and file exhibit list";
- May 22, 2020 (0.40 hrs) "Prep and file new medical records";
- July 7, 2020 (2.50 hrs) "Format and file all medical records"; and
- May 22, 2021 (1.50 hrs) "Review and format medical records."

(ECF No. 52-2 at 1-2).

I shall reduce Mr. Lyons' rate for these tasks to the following: $156 per hour for 2019; $163 per hour for 2020; and $177 per hour for 2021. This reduces the awardable attorney fees by **$1,478.50**.[3]

## ATTORNEY COSTS

Petitioner requests $581.12 in overall costs. (ECF No. 52-2). This amount is comprised of obtaining medical records and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$20,907.62** (representing $20,326.50 in fees and $581.12 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

<div style="text-align: right;">

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

</div>

---

[3] This amount consists of the following: ($350 - $156 = $194 x 0.90 hrs = $174.60) + ($350 - $163 = $187 x 5.4 hrs = $1,009.80) + ($350 - $177 = $173 x 1.7 hrs = $294.10) = $1,478.50.

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.